USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 0 1 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ALBERTO MARMOLEJOS, *on behalf of himself
and all other similarly situated*,

                        Plaintiff,

       -v-

LAE TIRES & RIMS, INC., ET AL.,

                        Defendants.
------------------------------------------------------------------X

12 Civ. 5749 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff Jose Marmolejos initiated this action alleging various violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.* Before the Court is his motion for conditional certification. (Dkt. # 30)

      The FLSA affords workers a right to sue on behalf of themselves and "other employees similarly situated" for violations of the statute's minimum wage and overtime provisions. 29 U.S.C. § 216(b). Potential plaintiffs in a FLSA collective action are required to "opt in" to the suit in order to benefit from the judgment. *Id.* Courts may order notice to other potential similarly situated employees to inform them of the opportunity to opt-in to the case. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

      At the conditional certification stage, "the court determines, based on plaintiffs' pleadings and affidavits, whether the plaintiffs and potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." *Lynch v. United Serv. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "Once the court determines that potential opt-in plaintiffs may be 'similarly situated' for the purposes of authorizing notice, the court 'conditionally certifies' the collective action, and the plaintiff sends court-approved notice to potential members." *Id.* "Those potential plaintiffs may then elect to opt-in pursuant to section 216(b) by filing consent forms with the court." *Id.* "Once notice is accomplished, the action proceeds as a collective action throughout the discovery

1

process." *Id.*

The burden for demonstrating that potential plaintiffs are "similarly situated" is admittedly low at the notice stage. *Id.* Plaintiff need only make a modest factual showing that plaintiff and potential collective action members were victims of "a common policy or plan that violated the law." *Id.* (quotes and citations omitted). Courts consider whether the plaintiff has demonstrated that other employees are similarly situated with regard to their positions, job requirements, compensation scheme, and whether they received overtime pay. *Trawinski v. KPMG LLP*, 2012 WL 6758059, at * 2 (S.D.N.Y. Dec. 21, 2012).

However, "[t]o make the factual showing required at this first stage, a plaintiff cannot rely on unsupported assertions." *Ali v. New York City Health and Hospitals Corp.*, 2013 WL 1245543, at * 2 (S.D.N.Y. Mar. 27, 2013). "The factual showing, even if modest, must still be based on some substance." *Id.* (citation omitted).

Indeed, the Court is cognizant that "[w]hile Plaintiff's burden at the first stage is low, it is not non-existent – certification is not automatic." *Id.* at * 2 (quotes and citations omitted). "It is axiomatic that, even at this preliminary stage, the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Id.* (quotes and citations omitted).

In this case, Plaintiff has not met his burden. According to the Amended Complaint, Plaintiff brings this action on behalf of all "employees . . . who perform any work in any of Defendants' locations as non-managerial employees." (Am. Cmplt. ¶ 11) However, Plaintiff provides no factual support for the assertion that he is similarly situated to all such employees.

In his declaration, Plaintiff simply describes his own work experience. (Platzek Aff. Ex. B) The declaration contains no information about other employees and no information indicating that Defendants had a common plan or policy of denying their employees' their lawful wages.

The declaration of Nelson Marmolejos, an opt-in, is similarly deficient, describing only his own work experience. (Platzek Aff. Ex. C)

The only additional support for Plaintiff's claim that he is similarly situated to all "employees . . . who perform any work in any of Defendants' locations as non-managerial employees," is his conclusory allegation in the amended complaint that he "is similarly situated

2

to all such individuals" because they all "performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of 10 hours per day, 40 hours per week; were not paid the required one and a half times their respective regular rates of pay for overtime hours worked; were not paid any amount at all for overtime hours worked; and were not paid at an amount equal to the minimum hourly require rate of pay per hour worked." (Dkt. # 11 at 3-4) These conclusory allegations, unsupported by *any* factual content or evidence, are insufficient to satisfy the standard for conditional certification. *Morales v. Plantwork, Inc.*, 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 2, 2006) (Chin, J.).

      Accordingly, Plaintiff's motion for conditional certification, (Dkt. # 30), is DENIED.

SO ORDERED.

Dated: May \_\_\_\_, 2013
       New York, New York

_____
      JUDGE ALISON J. NATHAN
      United States District Judge